IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE : | § | CASE NO. 22-60020 (SDTX) |
| INFOW, LLC, *et al.*, | § | |
| | § | CHAPTER 11 |
| Debtors. | § | |
| _____ | § | JOINTLY ADMINISTERED |
| | § | |
| MARCEL FONTAINE | § | |
| | § | |
| VS. | § | ADV. PROC. NO. 22-01022-HCM |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| and FREE SPEECH SYSTEMS, LLC | § | |
| | § | |

**PLAINTIFFS' MOTION FOR ABSTENTION AND REMAND**

Marcel Fontaine files this Motion for Remand. Plaintiff no longer has any claims against any Debtor, and permissive abstention requires the Court to decline jurisdiction under these facts. This case should be remanded immediately to minimize the already extreme prejudice to Plaintiff.

**INTRODUCTION**

On February 14, 2018, as news broke of the Douglass high school shooting in Parkland, Florida, Alex Jones' website InfoWars.com published an article with a photo of Marcel Fontaine claiming it was an image of the shooter. Mr. Fontaine had never even been to Florida, but his image quickly spread across the internet, leading to harassment and threats. Mr. Fontaine sued based on this false accusation. After four years of frustrating and bizarre litigation, Mr. Fontaine was finally approaching an August 22, 2022, trial setting. Defendants were acting like these trials were going to happen, but they were hatching a last-minute scheme to disrupt the proceedings yet again. Mr. Jones's business empire is operated through his company Free Speech Systems, LLC,

1

but discovery revealed that the other defendant, InfoW, LLC, has no operations, essentially no assets, no employees, and no existence beyond its initial business filing ten years ago. Mr. Jones decided to have InfoW, LLC declare bankruptcy on the eve of trial.

Following removal, and after discussions with Debtors' counsel, have sought a stipulation that they have dismissed all existing claims against InfoW, LLC with prejudice. *See* Ex. 4 (showing that Plaintiffs are obtaining stipulation of dismissals with prejudice pending Bankruptcy Court approval); *see also* (Doc. No. 8) (joint stipulation with prejudice and notice of no opposition to remand). And Debtors do not oppose remand. (Ex. 4, at § 4; Doc. No. 8). Given this reality, and that the permissive-abstention factors all favor remand, the case should be returned to the 459th District Court.

**FACTS**

On April 18, 2022, Plaintiff was served with a bankruptcy petition for *In re InfoW, LLC*, Case No. 22-60020, in the U.S. Bankruptcy Court for the Southern District of Texas, Victoria Division. (Ex. 2). The remaining three defendants in the state court case – Alex Jones, Owen Shroyer, and Free Speech Systems, LLC – did not file for bankruptcy. Only the nonsuited entity, InfoW, LLC, is a party to the bankruptcy case. That same day, Plaintiff was served with a Notice of Removal initiating an adversary proceeding in this Court. (Ex. 3).

On May 18, 2022, Plaintiffs executed a stipulation upon request of the Debtors that all existing claims against InfoW, LLC were dismissed with prejudice. (Ex. 4; Doc. No 8). With the Bankruptcy Court's expected approval of the stipulation, Plaintiff is no longer suing any debtors in the underlying bankruptcy proceeding.

**LEGAL STANDARD**

Plaintiff's state court action is one which this Court must abstain from hearing. A bankruptcy court should permissibly abstain from hearing a case due to "the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). A bankruptcy court may also remand case "on any equitable ground." 28 U.S.C. § 1452(b).

**ARGUMENTS AND AUTHORITIES**

**I.    The Case Should be Remanded under the Doctrine of Permissive Abstention.**

"Most courts in the Fifth Circuit determine whether the doctrines of permissive abstention or equitable remand should be applied by evaluating 14 factors." *In re IO AT Tech Ridge LP,* No. 17-11540-TMD, 2018 WL 2431640, at *4 (Bankr. W.D. Tex. May 3, 2018). Each of these factors is applied to the facts of this case below.

**1.    The lack of effect on the efficient administration of the estate favors remand.**

Because Plaintiff is voluntary dismissing InfoW, LLC from their state court action, that suit has no relationship to the bankruptcy estate. *See, e.g., In re Johnson,* No. 11-60822-CAG, 2012 WL 1110342, at *6 (Bankr. W.D. Tex. Apr. 2, 2012) (finding that although "Plaintiffs currently plan to non-suit Debtors once the case is remanded to state court, in which case the estate would not be affected, at present, Debtors are still a party to this litigation.").

**2.    The extent to which state law issues predominate over bankruptcy issues favors remand.**

"It is undisputed that the causes of action in the adversary are all state-law issues. This factor thus weighs in favor of abstention or remand." *In re IO AT Tech Ridge LP,* 2018 WL 2431640 at *4.

### 3. The difficult or unsettled nature of the applicable law favors remand.

Given the unusual nature of the proceedings, there are difficult issues of applicable law. The trial court has issued numerous orders which will affect the conduct of the trial and instructions to the jury. Due to Defendants' wide-ranging discovery abuse, those instructions will be complicated and novel. This factor weighs in favor of remand.

### 4. The absence of related proceeding started in state court or other non-bankruptcy proceeding favors remand.

In all of the defamation actions which were removed by the Debtors – *Heslin, Pozner, Fontaine,* and *Lafferty* – the Plaintiffs are voluntarily dismissing the Debtors. None of these actions are related to the bankruptcy proceeding.

### 5. The lack of jurisdictional basis other than § 1334 favors remand.

While diversity of citizenship exists between the parties, every defendant is a home-state defendant, which would defeat any traditional removal.

### 6. The degree of relatedness or remoteness of lawsuit to main bankruptcy case is irrelevant.

The state action no longer involves any debtor. The remaining claims asserted against the non-debtors have no relation to the InfoW, LLC bankruptcy estate. Indeed, there is no basis for "related to" jurisdiction. *See In re Johnson,* 2012 WL 1110342 at *8 (Noting "the only jurisdictional basis this Court has over the proceeding is 'related to' jurisdiction under § 1334, and even that would be taken away if Plaintiffs non-suit Debtors."). But most importantly, "the degree of relatedness or remoteness of a proceeding to the main bankruptcy case can neither weigh in favor of nor against abstention and remand when the proceeding will not be heard before the bankruptcy judge who heard the main bankruptcy case." *Special Value Continuation Partners, L.P. v. Jones,* 2011 WL 5593058, at *10 (Bankr. S.D. Tex. Nov. 10, 2011). Here, InfoW, LLC

4

removed to this Court, but it filed the bankruptcy case in the Southern District of Texas. Thus, this factor is irrelevant.

> **7. The substance rather than the form of an asserted core proceeding favors remand.**

The state action is not a core proceeding. Thus, this factor "strongly supports abstention and remand because this is not a core proceeding." *Special Value Continuation Partners, L.P. v. Jones*, 2011 WL 5593058 at *9.

> **8. The feasibility of severing state law claims is irrelevant.**

Only the Plaintiff's state-law claims are at issue, so there is no need to consider severance.

> **9. The burden of the bankruptcy court's docket favors remand.**

Given the high number of "active bankruptcy cases and adversary proceedings on its docket, and there is no reason for the Court to keep these adversary proceedings when this Court's jurisdiction is questionable and the state court's jurisdiction over the State Court Suit is unquestionable." *In re Rosales,* No. 12-30590-RBK, 2012 WL 4343701, at *6 (Bankr. W.D. Tex. Sept. 21, 2012). Additionally, Plaintiffs do not consent to a jury trial in bankruptcy court, and so "the U.S. District Court (not this Court) would have to conduct a trial if the Suit stayed in federal court." *In re Dune Energy, Inc.,* 575 B.R. 716, 727 (Bankr. W.D. Tex. 2017). "The U.S. District Court for the Western District of Texas has among the heaviest caseloads in the entire country." *Id.* In this case, "it would take at least two different federal judges in two federal courts to fully adjudicate the Suit." *Id.* This factor and factor 11 (jury trial) "weigh heavily in favor of permissive abstention and remand." *Id.*

10. **The likelihood that the removal involves forum shopping by one of the parties favors remand.**

According to the information produced in discovery, the shell company debtor InfoW, LLC has no employees, no revenue, no operations, no business purpose, and essentially no assets. The shell company filed bankruptcy while Alex Jones and Free Speech Systems did not, all as part of a scheme to disrupt the imminent trial and allow forum shopping. There is no question that Mr. Jones' last-minute stunt was "an attempt to abuse or manipulate the judicial process." *In re IO AT Tech Ridge LP,* 2018 WL 2431640 at *5.

11. **The existence of a right to a jury trial favors remand.**

Here, Plaintiff's "lack of consent to a jury trial in this Court makes it statutorily impossible for this Court to conduct a jury trial in these adversary proceedings." *In re Rosales*, 2012 WL 4343701 at *6, citing 28 U.S.C. § 157(e). "The state court, on the other hand, can conduct the jury trial that the Debtor and non-debtor defendants have demanded." *Id.* "This factor weighs heavily in favor of equitable remand and permissive abstention." *Id.*

12. **The presence in the proceeding of non-debtor parties favors remand.**

With the stipulation of dismissal, the only parties are non-debtor parties. This factor weighs heavily in favor of remand.

13. **Comity weighs in favor of remand.**

When deciding *In re Rosales,* this Court noted that "[t]he State Court has already conducted multiple hearings, is familiar with the suit, and had scheduled a jury trial which was thwarted by the Debtor's bankruptcy filings. The Court should defer to the state court. This factor weighs in favor of equitable remand and permissive abstention." *In re Rosales*, 2012 WL 4343701 at *7. Here, the state court is ready for trial after overseeing years of abusive and frustrating litigation.

14. **The possibility of prejudice to other parties in the action weighs in favor of remand.**

Here, "if this Court were to keep the State Court Suit, it could not finally adjudicate the claims involved given their "non-core" status, jury trial right, and lack of consent of all parties. This would be wasteful and prejudicial to the parties. This factor weighs in favor of equitable remand and permissive abstention." *In re Rosales*, 2012 WL 4343701 at *7.

15. **Summary.**

The analysis is entirely one-sided. Every equitable factor strongly favors remand.

## CONCLUSION

Plaintiff's state court action no longer has any connection to the bankruptcy proceeding, and the circumstances weigh exclusively in favor of permissive abstention. Given Plaintiff's stipulation and dismissal, the Debtors do not oppose remand. For these reasons, this Court should remand the action to the 459th District Court of Travis County.

Respectfully submitted,

| | |
|---|---|
| **THE BEATTY LAW FIRM PC** | **MCDOWELL HETHERINGTON LLP** |
| By: */s/ Max Beatty* <br> Jon Maxwell 'Max' Beatty <br> State Bar No. 24051740 <br> 1127 Eldridge Parkway, Suite 300 #338 <br> Houston, TX 77077 <br> (832) 529-3381 Telephone <br> (832) 852-1266 Fax <br> Email: max@beattypc.com | By: */s/ Avi Moshenberg* <br> Avi Moshenberg <br> Texas Bar No. 24083532 <br> Nick Lawson <br> State Bar No. 24083367 <br> Matthew Caldwell <br> State Bar No. 24107722 <br> 1001 Fannin Street, Suite 2700 <br> Houston, TX 77002 <br> Phone: (713) 337-5580 <br> Fax: (713) 337-8850 <br> Email: avi.moshenberg@mhllp.com <br> Email: nick.lawson@mhllp.com <br> Email: matthew.caldwell@mhllp.com |
| **THE AKERS FIRM PLLC** | **KASTER LYNCH FARRAR & BALL, LLP** |
| By: */s/ Cordt Akers* <br> Cordt Akers <br> State Bar No. 24080122 <br> 3401 Allen Parkway, Suite 101 <br> Houston, TX 77019 <br> Phone: (713) 877-2500 <br> Fax: (713) 583-8662 <br> Email: cca@akersfirm.com | By: */s/ Mark D. Bankston* <br> Mark D. Bankston <br> State Bar No. 24071066 <br> William R. Ogden <br> State Bar No. 24073531 <br> 1117 Herkimer <br> Houston, Texas 77008 <br> (713) 221-8300 Telephone <br> (713) 221-8301 Fax <br> Email: mark@fbtrial.com <br> Email: bill@fbtrial.com |

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that on 5/18/2022, a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all parties registered to receive such service and by email to all parties listed below:

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Ray Bataglia
Law Office of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX
rbattaglialaw@outlook.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Kyung S. Lee
Kyung S. Lee PLLC
700 Milam Street, Suite 1300
Houston, Texas 77002
klee@kslpllc.com

                                      */s/ Avi Moshenberg*
                                      Avi Moshenberg